

DMJ:BTR/CPK                              *United States Attorney's Office*
                                         *610 Federal Plaza*
                                         *Central Islip, New York 11722-4454*

                                         March 19, 2013

The Honorable Joseph F. Bianco
United States District Judge
Eastern District of New York
Federal Plaza
Central Islip, New York 11722

                Re:  United States v. Martin Lovly
                     Criminal Docket No. 11-639 (S-4)(JFB)

Dear Judge Bianco:

        The Government respectfully submits this letter in
connection with the upcoming trial of this case, scheduled to
begin on April 1, 2013.  The government moves <u>in</u> <u>limine</u> to
introduce evidence in its case-in-chief of other crimes and bad
acts involving the defendant Martin Lovly.  For the reasons set
forth below, the Court should find that the below-detailed
evidence is admissible as direct evidence of the charged
offenses, background evidence of the charged offenses, and/or as
"other crimes of acts" evidence pursuant to Rule 404(b) of the
Federal Rules of Evidence.  The Superseding Indictment in this
case charges Hobbs Act Robbery Conspiracy, Interstate
Transportation of Stolen Property, Attempted Hobbs Act Robbery,
Brandishing of a Firearm During Crime of Violence, Felon-in-
Possession of a Firearm and Conspiracy to Launder Money.

        As set forth in more detail below, the government
seeks to introduce evidence that, <u>during the time of the charged</u>
<u>conspiracies and acting with co-conspirators</u>, defendant Martin
Lovly:  (1) carried out the beating of an apartment tenant in
exchange for payment from the tenant's landlord, (2) stole
hundreds of thousands of dollars worth of rebar from an area in
Queens, (3) stole a carnival game on wheels from a carnival, (4)
participated in the "burn for pay" car group in which he would
burn cars given to him by their owner who wanted them burned for
insurance claim purposes and one of these vehicles was used in
one of the robberies involved in this prosecution, (5) burned
vehicles for a variety of other reasons including because its
owner owed him money or after having stolen the contents of the
vehicle, he wanted it destroyed, (6) stole cars off car lots as

well as out of parking lots and driveways and (7) had a drug addiction to pills and heroin.

As set forth in greater detail below, these uncharged crimes and other bad acts are directly relevant to the crimes charged in the Indictment and properly admissible under Federal Rule of Evidence 401, because they establish Lovly's relationships with co-conspirators Manachek and Glass and other co-conspirators; Lovly's basis for trusting certain individuals as co-conspirators; constitute evidence of the structure of the conspiracy and certain specific facts that tend to establish Lovly's guilt of the charged crimes. Other crimes and acts, as discussed below, are equally and properly admissible under Federal Rules of Evidence 403 and 404(b), because they establish Lovly's identity as one of the co-conspirators in the charged crimes; and Lovly's modus operandi.

As further set forth below, because the uncharged crimes are of a less sensational nature than the charged crimes, home invasion robberies in which residents of homes were handcuffed, pistol whipped, attacked and threatened at gunpoint. In addition, because the evidence of the uncharged crimes will come from the same witnesses testifying about the charged crimes, evidence relating to the uncharged crimes will not be unduly prejudicial.

I.    <u>Applicable Law</u>

      A.    <u>Direct Evidence</u>

            It is well established that evidence of uncharged criminal activity or bad acts is admissible independent of Federal Rule of Evidence 404(b) where it constitutes direct evidence of the crimes charged in the indictment. <u>See, e.g.</u>, <u>United States v. Carboni</u>, 204 F.3d 39, 44 (2d Cir. 2000); <u>United States v. Thai</u>, 29 F.3d 785, 812 (2d Cir. 1994); <u>United States v. Towne</u>, 870 F.2d 880, 886 (2d Cir. 1989). Additionally, when the indictment contains a conspiracy charge, as in this case, uncharged acts may be admissible as direct evidence of the conspiracy itself. <u>See</u> <u>Thai</u>, 29 F.3d at 812. Certainly here, where all the preferred evidence involves co-conspirators and occurs during the time of the conspiracies, admission is appropriate to show, among other things, the conspiracy itself. In <u>Towne</u>, the Second Circuit specifically identified three categories of uncharged criminal activity that constitute direct evidence of the charged offense. 870 F.2d at 886. The Court stated:

            [e]vidence of uncharged criminal activity is not

> considered 'other crimes' evidence under Fed. R.
> Ev. 404(b) if it 'arose out of the same
> transaction or series of transactions as the
> charged offense, if it [is] inextricably
> intertwined with the evidence regarding the
> charged offense, or if it is necessary to complete
> the story of the crime [on] trial.'

Id. (quoting United States v. Weeks, 716 F.2d 830, 832 (11th Cir. 1983)).

     Moreover, the Second Circuit has held that the district court may admit evidence that does not directly establish an element of the crime in order to provide background for the events alleged in the indictment. See, e.g., United States v. Inserra, 34 F.3d 83, 89 (2d Cir. 1994) ("[E]vidence of other bad acts may be admitted to provide the jury with the complete story of the crimes charged by demonstrating the context of certain events relevant to the charged offense."); United States v. Coonan, 938 F.2d 1553, 1561 (2d Cir. 1991) ("Background evidence may be admitted . . . to show the circumstances surrounding the events or to furnish an explanation of the understanding or intent with which certain acts were performed."). In Coonan, the Second Circuit further reasoned that because, as will be the case here, the witnesses participated in at least some of the criminal acts about which they testified, it was appropriate for the government to elicit on direct examination details damaging to the witnesses' credibility. Id. As the Court explained, in this way, the government was able to avoid the appearance that it was concealing impeachment evidence from the jury. Id.

    B.    Federal Rule of Evidence 404(b)

     Federal Rule of Evidence 404(b) provides in pertinent part:

> Evidence of other crimes, wrongs, or acts is
> not admissible to prove the character of a
> person in order to show action in conformity
> therewith.  It may, however, be admissible
> for other purposes, such as proof of motive,
> opportunity, intent, preparation, plan,
> knowledge, identity, or absence of mistake or
> accident....

See Fed. R. Evid. 404(b).  In order for evidence of "other crimes, wrongs, or acts" to be admissible, it must be (1) offered for a proper purpose, (2) relevant and (3) substantially more probative than prejudicial.  In addition, at the defendant's

request, the district court should give the jury an appropriate limiting instruction. <u>United States v. Downing</u>, 297 F.3d 52, 58 (2d Cir. 2002) (citing <u>Huddleston v. United States</u>, 485 U.S. 681, 691-92 (1988)).

The Court has broad discretion to admit "other act" evidence pursuant to Rule 404(b)[1] and should follow the "inclusionary" approach to "other act" evidence. <u>United States v. Pascarella</u>, 84 F.3d 61, 69 (2d Cir. 1996); <u>United States v. Harris</u>, 733 F.2d 994, 1006 (2d Cir. 1984). Thus, evidence of a defendant's uncharged bad acts is admissible under Rule 404(b), subject to the limitations of Rule 403, if that evidence is offered for "any purpose other than to show a defendant's criminal propensity." <u>United States v. Rouhani</u>, 47 F.3d 539, 544 (2d Cir. 1995); <u>see</u> <u>Inserra</u>, 34 F.3d at 89 (under Rule 404(b), evidence offered for proper purpose should be admitted unless unfairly prejudicial).

Thus, the Second Circuit has approved of admitted evidence of other crimes to prove, for example, (1) a defendant's intent to commit or motivation for a proscribed act, <u>United States v. Brand</u>, 467 F.3d 179, 197 (2d Cir. 2006) (evidence that the defendant possessed child pornography admissible as proof that he intended to engage in illicit sexual conduct with a minor); <u>United States v. Laflam</u>, 369 F.3d 153, 156-57 (2d Cir. 2004) (evidence that the defendant was a drug user admissible as proof of motive to commit the charged bank robbery); (2) a defendant's capacity to commit the charged crime, <u>see</u> <u>United States v. Zedner</u>, 401 F.3d 36, 49-50 (2d Cir. 2005) (evidence of prior fraud admissible as proof of the defendant's "financial sophistication [and] his ability to execute complex schemes"), <u>rev'd on other grounds</u> 126 S. Ct. 1976 (2006); (3) the defendant's consciousness of guilt, <u>see</u>, <u>e.g.</u>, <u>United States v. Mickens</u>, 926 F.2d 1323, 1328-29 (2d Cir. 1991); <u>United States v. James</u>, 2007 U.S. Dist. LEXIS 39585, *2-*5 (E.D.N.Y. May 31, 2007); (4) background evidence helpful to the jury's understanding of the complete story of the charged crimes, <u>see</u> <u>United States v. Skowronski</u>, 968 F.2d 242, 246 (2d Cir. 1992); <u>United States v. Lasanta</u>, 978 F.2d 1300, 1307 (2d Cir. 1992) (testimony from government witness concerning his involvement in drug transactions several years prior to commencement of charged conspiracy); <u>United States v. Brennan</u>, 798 F.2d 581, 590 (2d Cir. 1986); and (5) the origin, nature and extent of the relationship

---

[1] A 404(b) ruling will be affirmed on appeal unless the ruling constitutes an abuse of discretion. <u>See</u> <u>Inserra</u>, 34 F.3d at 89. "To find abuse, the appellate court must conclude that the district court acted arbitrarily and irrationally." <u>United States v. Pitre</u>, 960 F.2d 1112, 1119 (2d Cir. 1992).

among co-conspirators, <u>see</u>, <u>e.g.</u>, <u>United States v. Rosa</u>, 11 F.3d 315, 334 (2d Cir. 1993) (evidence of prior crimes admissible "to help explain how the illegal relationship between participants in the crime developed, or to explain the mutual trust that existed between coconspirators"); <u>United States v. Pitre</u>, 960 F.2d 1112, 1119 (2d Cir. 1992) (evidence of prior crimes admissible to "help explain to the jury how the illegal relationship between participants in a crime developed"); <u>United States v. Roldan-Zapata</u>, 916 F.2d 795, 804 (2d Cir. 1990); <u>Brennan</u>, 798 F.2d at 590 (evidence of prior crimes admissible to show "how the illegal relationship between [the defendant and an accomplice witness] developed"); <u>United States v. Kalaydjian</u>, 784 F.2d 53, 56 n.3 (2d Cir. 1986).

In general, "the government is required to establish only a similarity or some connection to establish that a prior act is relevant to one of the elements . . . of the crime charged." <u>Brand</u>, 467 F.3d at 197; <u>United States v. Paulino</u>, 445 F.3d 211, 223 (2d Cir. 2006). Moreover, evidence admissible pursuant to Rule 404(b) should not be excluded on grounds of unfair prejudice where the evidence does not "involve conduct more inflammatory than the charged crime[s]." <u>Id.</u>; <u>United States v. Williams</u>, 205 F.3d 23, 33-34 (2d Cir. 2000) (Rule 403 analysis favors admission where uncharged crimes "did not involve conduct more serious than the charged crime and the district court gave a proper limiting instruction"). Moreover, where evidence of the uncharged crimes comes from one of the witnesses who will testify about the more serious charged crimes, as here, there is little danger that prejudice will result. <u>See</u> <u>United States v. Mejia-Velez</u>, 855 F. Supp. 607, 611 (E.D.N.Y. 1994) ("If the jury found these witnesses to be credible, the defendant[s] would be convicted even if the accomplices were not permitted to testify about [the uncharged crimes].").

## II. <u>Background</u>

The Superseding Indictment (S-5) charges Lovly with participating in a Hobbs Act robbery conspiracy from April 2008 through April 2010, Interstate Transportation of Stolen Property in 2008, an attempted Hobbs Act robbery in 2008, brandishing a firearm during that attempted robbery, being a felon in possession of a firearm and a conspiracy to launder money from 2008 to 2011. Count One of the Indictment charges that from April 2008 through April 2010, Lovly and others conspired to delay and obstruct commerce, by robbery, namely the robbery of illegal narcotics traffickers and business owners in New York City and on Long Island. Count Two charges that Lovly, with others, transported stolen clothing in interstate commerce. Count Three charges that Lovly, with others, intending to rob the home of a

drug dealer, committed an attempted Hobbs Act robbery of the home of residents in Queens County. Count Four charges that, during that robbery, Lovly brandished a .25 caliber handgun in furtherance of such robbery. Count Five charges that, when Lovly possessed a firearm during the robbery conspiracy, he was a convicted felon. Count Six charges that Lovly, together with others, engaged in a conspiracy to launder money from 2008 to 2011 by using the proceeds of robberies and narcotics trafficking to promote the commission of Hobbs Act robberies.

III. <u>Argument</u>

    A.    Evidence of Lovly's Participation With Co-Conspirators in the Assault of an Apartment Tenant in Exchange for Payment from the Tenant's Landlord and the theft of rebar from a site in Queens During the Time of <u>the Charged Conspiracies is Admissible</u>

In or about November, 2008, during the time of the charged conspiracies, Lovly and co-defendants Timothy Glass and Gerald Manachek traveled to Brooklyn, New York to assault the tenants of an apartment there. The tenants' landlords had paid them to carry out the assault. They also traveled to a site in Queens and, over the course of two days, stole hundreds of thousands of dollars worth of rebar.

The government seeks to introduce at trial, in its case-in-chief, evidence that Lovly, with Glass and Manachek, participated in the assault of tenants in the apartment located in the Coney Island area of Brooklyn, New York and the theft of the rebar. Such evidence is admissible as direct evidence of the crimes charged in the instant Indictment. The fact that Lovly, Glass and Manachek were co-conspirators in 2008-2010 as charged herein is inextricably intertwined with the facts of the instant case, as it explains to the jury the nature of their relationship and why Lovly would have trusted Glass and Manachek and they him. <u>See</u>, <u>e.g.</u>, <u>Rosa</u>, 11 at 334 (evidence of prior crimes admissible "to help explain how the illegal relationship between participants in the crime developed, or to explain the mutual trust that existed between coconspirators"); <u>Pitre</u>, 960 F.2d at 1119 (evidence of prior crimes admissible to "help explain to the jury how the illegal relationship between participants in a crime developed").

Therefore, the Court should admit evidence of Lovly's participation in the 2008 assault and the 2008 theft of the rebar, as background evidence to the crimes charged in the instant Indictment and as proof of the charged conspiracies.

B.   Lovly's Participation in the "Burn for Pay" Car
     Operation in Which Lovly, With Co-Conspirators,
     Accepted Money for Burning Cars During the Charged
     Conspiracies, Is Admissible

     The government intends to present evidence at trial of
Lovly's involvement in the 2008-2009 "burn for pay" car program
that he and Timothy Glass and other co-conspirators operated. The
operation was a means of raising cash between home invasion
robbery jobs although one of the vehicles taken was used in a
home invasion robbery on the way to being burned.  That home
invasion robbery of a Springfield Gardens, Queens drug dealer
will be the subject of testimony during the trial.  This evidence
is admissible as direct evidence of the existence of the
conspiracies charged in the Superseding Indictment.

     The evidence also explains the criminal nature of the
relationship between Lovly, Glass, Bedell and Manachek.

C.   Lovly's Participation in the Burning and Theft of
     Vehicles With his Co-Conspirators During the Time of
     the Charged Conspiracies Is Admissible As Direct
     Evidence of the Charged Conspiracies or, in the
     Alternative, As "Other Crimes" Evidence, Pursuant to
     Rule 404(b)

     The government anticipates that it will present
testimonial evidence that, in 2008-2009, with co-conspirators,
Lovly participated in:  (1) burning a car and motorcycle of a co-
conspirator's ex-boyfriend who owed Lovly money, (2) burning a
truck Timothy Glass had stolen for its contents, (3) stealing a
corvette from a person's driveway after he died, (4) stealing a
mustang car out of a parking lot and (5) stealing cars off car
lots, once as many as ten vehicles off a Suffolk County car lot.

     Evidence that Lovly participated in and/or planned a
number of car burnings and car thefts with co-conspirators is
offered as direct evidence of the existence of the conspiracies
charged in the Superseding Indictment, as discussed further
below.  Moreover, this evidence is background evidence, as it
explains, among other things, the criminal nature of the
relationship between Lovly and co-conspirators including Glass
and Bedell; and the trust that existed between Lovly, Glass and
Bedell and why they would have committed the home invasion
robberies together.

     The proffered evidence provides background evidence of,
among other things, the criminal relationship among Lovly, Glass
and Bedell.  Moreover, the government should be permitted to

elicit testimony of the car thefts and car burnings during the direct examination of CW-1 to avoid the appearance that the government is concealing impeachment evidence from the jury. <u>See</u> <u>Coonan</u>, 938 F.2d at 1561.

Thus, the court should admit evidence of the car thefts and burnings as background evidence to the conspiracies charged, pursuant to Rule 404(b).

Moreover, the proffered "other crimes" evidence should not be excluded under Federal Rule of Evidence 403 because its probative value substantially outweighs any prejudice to the defendant. The uncharged criminal activity does not involve conduct that is any more "'sensational or disturbing'" than the offenses charged. <u>Pitre</u>, 960 F.2d at 1120. Furthermore, any potential prejudice can be effectively mitigated by a cautionary instruction limiting the jury's consideration of the evidence to the purposes for which it is offered. <u>See</u> <u>Williams</u>, 205 F.3d at 34. Moreover, where evidence of the uncharged crimes comes from one of the witnesses who will testify about the more serious charged crimes, as it will here, there is little danger that prejudice will result. <u>See</u> <u>Mejia-Velez</u>, 855 F. Supp. at 611.

To the extent that the Court relies on Rule 404(b) to admit any of the above-discussed "other crimes" evidence offered by CW-1, the "other crimes" discussed are less sensational than the charged home invasion robberies and the probative value of the evidence substantially outweighs the risk of undue prejudice.

D.   Lovly's Addiction to Pills and Heroin Is Relevant to his motivation to commit the crimes charged and his changing role in the robberies

During the time of the charged conspiracies, Lovly was addicted to pills that were prescribed to alleviate pain and to heroin. In United States v. Laflam, 369 F.3d 153, 156-57 (2d Cir. 2004), the Second Circuit held that evidence that the defendant was a drug user was properly admissible as proof of motive to commit the charged bank robbery. There, as here, the defendant used the proceeds of robberies to help purchase his drug of addiction. In addition, here, Lovly also personally used some of the drugs stolen.

IV.   <u>Conclusion</u>

For the foregoing reasons, the government respectfully requests that the Court admit the proffered evidence as direct evidence of the charged offenses, background evidence of the

charged offenses, and/or as "other crimes or acts" evidence pursuant to Rule 404(b) of the Federal Rules of Evidence.

Respectfully submitted,

LORETTA E. LYNCH
United States Attorney

By:    _/s/ *Charles P. Kelly*_
       Charles P. Kelly
       Burton T. Ryan, Jr.
       Assistant U.S. Attorneys
       (631) 715-7866

cc:  Terrence P. Buckley, Esq. (By ECF)