GAIL E. LASER (#9851)
LASER LAW OFFICE
314 Main Street, Suite 200
P.O. Box 566
Park City, Utah 84060-3390
Telephone: (435) 608-0304
Facsimile: (435) 487-9411
Email: glaser@laser-law.com
*Attorney for Defendant*

---

### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK, CENTRAL ISLIP

---

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br> *Plaintiff,* <br><br> v. <br><br> **ADAM VELAZQUEZ**, <br> *Defendant*. | **DECLARATION in support of DEFENDANT'S SECOND REQUEST FOR COURT-ORDERED SUBPOENA** <br><br> Case No. 11 CR 639 (JFB) |

---

**GAIL E. LASER,** an attorney admitted to practice in the courts of the State of New York and in this Court, declares under penalty of perjury pursuant to 28 U.S.C. §1746 that the following is true and correct to the extent of her knowledge:

1. I am the attorney for Mr. Velazquez in the above-captioned matter. I make this Declaration in support of Defendant's Motion for So-Ordered Subpoena(s) as set forth below, and in the accompanying Notice of Motion.

2. The subpoena sought here requests the movement records of the four informant witnesses who testified against Mr. Velazquez – Timothy Glass, Martin Lovly, Kermit Odums, and

Athanasios Machaelides - from the point of their respective incarcerations until the Defendant's first trial. *See* Proposed court-ordered Subpoena, *attached* at Exhibit A.

3.  The sources for the information regarding what is required for this Subpoena include my office's conversations with U.S. Marshals familiar with the record-keeping for the movement/transport of pre-trial prisoners to and from the various federal detention centers in the Eastern District of New York (MDC Brooklyn, Nassau, and Queens).

4.  My office has made numerous requests and inquiries with the U.S. Marshals service (Central Islip) regarding the correct articulation and addressees for a subpoena seeking the movement records of the four central witnesses against Mr. Velazquez.  Those Marshals have informed us that a court-ordered subpoena is required for their compliance with such a request for those records.

5.  Of those four witnesses, the testimony at the 2014 trial of Glass and Lovly resulted in Mr. Velazquez' conviction on Hobbs Act robbery and robbery conspiracy charges, and Odums' testimony described another robbery (within the Hobbs Act conspiracy) which included harrowing details of kidnapping, a home invasion of innocent victims, and violence.

6.  Mr. Velazquez' defense was that he was not involved either in those robberies or with those informants in their crimes. During his trial, there were various suggestions and arguments that those essential witnesses against Mr. Velazquez had an opportunity to collude, and in that way had occasion to falsely inculpate the accused.  However, evidence of those opportunities to collude never went beyond mere suggestion.

2

7. Yet relevant testimony from the trial demonstrates that this requested subpoena is no fishing expedition. Rather, the trial testimony (excerpts are set forth, *below*) explicitly reveals, for instance, that there was no separation order between the informants, that they had an opportunity to discuss the case in the cellblock in the courthouse, that they corresponded about the case, and that a witness in fact heard two of the informants specifically discussing the case in a transport van.

8. Relevant transcript sections read as follows:

> MR. JENKS: I have one thing I would like to bring to your attention.
>
> THE COURT: Okay.
>
> MR. JENKS: Mr. Valazquez (sic) asked me to. Yesterday he told me that he rode back in the marshal's van to the MCC (sic) in Brooklyn with an inmate here, and who said that Mr. Glass and Mr. Lovly were downstairs and they were communicating the entire time about the case. The inmate told him that on the bus this morning, and yesterday on the way back to the jail. And this morning Mr. Valazquez advised me that Mr. Glass and Mr. Odums are actually on the same side. And he indicates that he feels they are cooperating and talking to each other about the case. Yesterday specifically in the van he told me that the inmate who was at the MCC, a black African American inmate, told him in the van that in the other van the two testifying against him as cooperators were discussing the case the entire time.

Tr. at 573-74.

9. The prosecutor represented to the Court that he had discussed this with the U.S. Marshalls; the Marshalls told him that those informants were in separate cells but could "communicate with each other." Nonetheless, according to the government, Lovly and Glass were

testifying at different times, so one was usually in the courtroom (apparently limiting their opportunity to converse). Tr. at 576.

10. The Court clarified that the two, Lovly and Glass, were in the same cellblock, on the same side – but in different cells, *id.*; further, "the cellblock is not that big," and the Marshalls "will not separate [inmates/witnesses] for security rules." Tr. 577.

11. Moreover, on that day *at least* (April 24, 2014), Lovly and Glass were both in the courthouse at the same time.  The prosecutor admitted: "the only opportunity they would have to talk to each other would be prior to coming to court." Tr. at 577.

12. Thus, it is relevant whether the two informants were both transported **to** the courthouse in the same vehicle or otherwise together awaited their turn to testify in the courthouse cellblock.

13. On April 28, 2014, Informant Timothy Glass admitted being in the cellblock at the same time as Lovly ***for half a day***, and talking to him (Glass denied speaking about the case). Tr. at 746.

14. Glass also admitted being "in touch" with Gerry Machacek through correspondence, from the time that Glass was arrested in January 2010 – including "a couple" of letters, "right before the trial." (at the time, Machacek was in the Queens facility, and Glass in the MDC). Tr. at 777, 785, 789.  Further testimony set the date for that correspondence around early March 2014 – just weeks before the trial. Tr. at 836-37.  Glass later made clear that he had no separation limitation from Machecek, and if there were one, that he was sure the

4

prosecutors would lift it. Tr. at 838-39. Despite repeatedly denying that he talked about or referred to the case, Glass wrote in a letter to Machecek that "I will bust the camel's bubble when I get there. Eight to ten years for him. He's fucked." "Everyone got their deals. Now it is just Adam and Sanchez. We'll see how that goes." Government Exhibit 16 (Timothy Glass letter to Gerald Machacek, dated March 10, 2014).

15. Glass further admitted being in the Queens facility with Kermit Odums – a small facility (just 222 beds). Glass admitted contacting Odums by letter. Tr. at 796.

16. Both Machacek and Odums responded to Glass' correspondence – thus the correspondence went full circle. And, Glass made a point of disposing of the letters. Tr. at 812-13.

17. Lovly admitted seeing Glass "about three times," and discussing the case. Tr. at 265. They were "walking by" one another, "I [Lovly] was going to court one time and he [Glass] was in the marshal bus." Tr. at 265-66.

18. Likewise, Kermit Odums corroborated Glass' testimony, when Odums admitted that during his incarceration on this case, he was incarcerated with his co-conspirators, including Timothy Glass, and that he corresponded, through a family member, with Glass. Tr. at 954.

## Argument

To meet the requirement for issuing a Rule 17(c) subpoena, the requesting party must demonstrate that the materials sought are "(1) relevant; (2) admissible; [and] (3) specific." *United States v. Nixon,* 418 U.S. 683, 700 (1974). In essence, "[t]he test … is whether the subpoena

constitutes a good faith effort to obtain identified evidence rather than a general 'fishing expedition' that attempts to use the rule as a discovery device." *United States v. Cuthbertson*, 630 F.2d 139, 144 (3d Cir. 1980); *United States v. Vo*, 2015 U.S. Dist. LEXIS 4718 (D.D.C. Jan. 15, 2015).  "[T]he specificity requirement could be satisfied if there is a 'substantial likelihood,' demonstrated through rational inferences, that the documents being sought contain relevant and admissible evidence." *United States v. Libby*, 432 F. Supp. 2d 26, 31 (D.D.C. 2006), *quoting Nixon*, 418 U.S. at 700.

Indeed, the standard for allowing a subpoena is even less stringent "where production is requested by (A) a criminal defendant; (B) on the eve of trial; (C) from a non-party; (D) where the defendant has an articulable suspicion that the documents may be material to his defense. A defendant in such a situation need only show that the request is (1) reasonable, construed as "material to the defense," and (2) not unduly oppressive for the producing party to respond. "*U.S. v. Von Tucker,* 249 F.R.D. 58, 66 (S.D.N.Y. 2008) (Government motion to quash subpoena **denied**, where Defendant sought from BOP recordings of all calls made by cooperating witnesses while incarcerated in order to gather information on possible inducements offered to those witnesses in exchange for their testimony.)  The fact that the request was made soon before trial demonstrated to the trial court that the request was not a mere "fishing expedition."

Since in *Von Tucker*, the defendant demonstrated that "the recordings [requested] **may be** material to his defense, and that production would not be unreasonably onerous to the Bureau of Prisons," production was proper. *Id.* (emphasis supplied).

Here, the above evidence makes plain that the various informant witnesses indisputably communicated together in the weeks before the trial, and that the communication was specifically about the trial.  The proof sought with the requested court-ordered subpoena -- documentary evidence of the inmate's movements and travel records for the entirety of those informants' respective incarcerations, up until the first *Velazquez* trial, will provide tangible evidence of those witnesses' opportunity to communicate about their debriefings with the government, the (then) upcoming trial, and their testimony.

This is a renewed request, first made in March 2015.  Of course, that earlier request occurred before this Court, in its recent decision granting a new trial, explicitly noted the informants' opportunity and likelihood to communicate.  Any additional evidence demonstrating the informants' opportunities to discuss the case, their testimony, and their identifications of the Defendant will be relevant given the Defendant's proof that he was elsewhere and not at the robberies about which those informants testified.

## Conclusion

The Defendant's renewed request for a subpoena to the U.S. Marshal's, signed by this Court, should be granted.


Dated this 19th day of July 2016.

/s/ *Gail E. Laser*_____
Gail E. Laser
*Attorney for Defendant Adam Velazquez*

**CERTIFICATE OF SERVICE**

Burton Ryan                                         ☐ First Class U.S. Mail, Postage Prepaid
Charles Kelly                                        ☐ Facsimile Transmission
Attorneys for the United States of America           ☐ Personal Delivery
610 Federal Plaza                                    ☐ E-mail Transmission Attachment
Central Islip, NY  11722                             ☑ Electronic Filing


                              /s/ *Bree L. Montroy*
                              *Assistant for Gail E. Laser*

8

# Exhibit A

Gail E. Laser (9851)
LAW OFFICE OF GAIL LASER
P.O. Box 566
314 Main Street, Suite 200
Park City, Utah 84060-566
Telephone:  (435) 608-0304
Facsimile:  (435) 487-9411
E-mail:  glaser@laser-law.com
*Attorney for Defendant*

---

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK, CENTRAL ISLIP

---

|  |  |
|---|---|
| **UNITED STATES OF AMERICA,** | **SUBPOENA *DUCES TECUM* (INMATE MOVEMENT RECORDS)** |
| *Plaintiff*, |  |
| v. | Case No. 11-cr-00639 |
| **ADAM VELAZQUEZ,** | Judge: Joseph F. Bianco |
| *Defendant*. |  |

---

      **ATTN:**      **U.S. MARSHAL JUAN TAVAREZ**
                    **225 Cadman Plaza East, Rm G20**
                    **Brooklyn, NY 11201**

YOU ARE HEREBY COMMANDED to produce copies of documents in your possession, custody or control, to the **Law Office of Gail Laser**, P.O. Box 566, Park City, Utah 84060 (U.S. Mail delivery), 314 Main Suite 200, Park City, Utah 84060 (physical address), on or before **August 22, 2016, at 9:00 a.m.** in order to comply with the Subpoena *duces tecum* in the above-captioned action as follows:

**Provide all documents relating to any and all movement out of his current detention facility (or prison, or jail, or holding facility) at any time from the date of his arrest to the present, whenever such movement occurred, and for whatever reason, including but not limited to -- from facility to: courthouse, doctor appointments, clinic appointments, attorney visits, government interviews/appointments, court appearances.**

**This request applies to the following inmates:**

      **Timothy Glass; SS# XXX-XX-8271; DOB 08/20/1963**

      **Martin Lovly; SS# XXX-XX-3729; DOB 01/14/1974**

      **Kermit Odums; SS# XXX-XX-9076; DOB 10/08/1981**

      **Athanasios Machaelides; BOP# 40621-054**

You need not appear personally at the date and time specified on this Subpoena if the requested records can be certified as original copies and submitted to me **on or before August 22, 2016, at 9:00 a.m.**, by sending them to the following address:  the **Law Office of Gail Laser**, **P.O. Box 566, Park City, Utah 84060 (U.S. Mail delivery**), 314 Main Street, Suite 200, Park City, Utah 84060 (physical address).

The party serving this Subpoena shall be responsible for the reasonable cost of producing or copying the documents requested in this Subpoena.

2

DATED this 19th day of July 2016.

LAW OFFICE OF GAIL LASER

/s/ *Gail E. Laser*
Gail E. Laser
*Attorney for Adam Velazquez*

**If sending documents via U.S. Mail, send to:**

**Law Office of Gail Laser**
**Attn:  Bree Montroy**
**P. O. Box 566**
**Park City, UT 84060-566**

**\*(You may call Bree at (435) 608-0304 to obtain credit card payment for this production response)**

**If sending documents to physical address:**

**Law Office of Gail Laser**
**Attn:  Bree Montroy**
**314 Main Street, Suite 200**
**Park City, UT 84060**

**Notice to Persons Served with a Subpoena**

**(1) Rights and responsibilities in general**. A subpoena is a court order whether it is issued by the court clerk or by an attorney as an officer of the court. You must comply or file an objection, or you may face penalties for contempt of court. If you are commanded to produce documents or tangible things, the subpoena must be served on you at least 14 days before the date designated for compliance. If you are commanded to appear at a trial, hearing, deposition, or other place, a one-day witness fee must be served with this subpoena. A one-day witness fee is $18.50 plus $1.00 for each 4 miles you have to travel over 50 miles (one direction). When the subpoena is issued on behalf of the United States or Utah, fees and mileage need not be tendered. The witness fee for each subsequent day is $49.00 plus $1.00 for each 4 miles you have to travel over 50 miles (one direction).

**(2) Subpoena to copy and mail documents.** If the subpoena commands you to copy documents and mail the copies to the attorney or party issuing the subpoena, you must organize the copies as you keep them in the ordinary course of business or organize and label them to correspond with the categories in the subpoena. The party issuing the subpoena must pay the reasonable cost of copying the documents. You must mail with the copies a Declaration of Compliance with Subpoena stating in substance:

      (A) that you have knowledge of the facts contained in the declaration;
      (B) that the documents produced are a full and complete response to the subpoena;
      (C) that originals or true copies of the original documents have been produced; and
      (D) the reasonable cost of copying the documents.

A Declaration of Compliance with Subpoena form is part of this Notice; you may need to modify it to fit your circumstances.

**(3) Subpoena to appear.** If the subpoena commands you to appear at a trial, hearing, deposition, or for inspection of premises, you must appear at the date, time, and place designated in the subpoena. The trial or hearing will be at the courthouse in which the case is pending. For a deposition or inspection of premises, you can be commanded to appear in only the following counties:

      (A) If you are a resident of Utah, the subpoena may command you to appear or to produce documents, electronic records or tangible things or to permit inspection of premises in the county:

            in which you reside;
            in which you are employed;
            in which you transact business in person; or
            in which the court orders.

      (B) If you are not a resident of Utah, the subpoena may command you to appear or to produce documents, electronic records or tangible things or to permit inspection of premises in the county:

            in which you are served with the subpoena; or
            in which the court orders.

**(4) Subpoena to permit inspection of premises.** If the subpoena commands you to appear and to permit the inspection of premises, you must appear at the date, time, and place designated in the subpoena and do what is necessary to permit the premises to be inspected.

**(5) Subpoena to produce documents or tangible things.** If the subpoena commands you to produce documents or tangible things, you must produce the documents or tangible things as you keep them in the ordinary course of business or organize and label them to correspond with the categories in the subpoena. The subpoena may require you to produce the documents at the trial, hearing, or deposition or to mail them to the issuing party or attorney. The party issuing the subpoena must pay the reasonable cost of copying and producing the documents or tangible things. You must produce with the documents or tangible things a Declaration of Compliance with Subpoena stating in substance:

      (A) that you have knowledge of the facts contained in the declaration;
      (B) that the documents produced are a full and complete response to the subpoena;
      (C) that originals or true copies of the original documents have been produced; and
      (D) the reasonable cost of copying the documents.

A Declaration of Compliance with Subpoena form is part of this Notice; you may need to modify it to fit your circumstances.

**(6) Objection to a subpoena.** You must comply with those parts of the subpoena to which you do not object. You may object to all or part of the subpoena if it:

    (A) fails to allow you a reasonable time for compliance (If you are commanded to produce documents or tangible things, the subpoena must be served on you at least 14 days before the date designated for compliance.);

    (B) requires you, as a resident of Utah, to appear at a deposition or to produce documents, electronic records or tangible things or to permit inspection of premises in a county in which you do not reside, are not employed, or do not transact business in person, unless the judge orders otherwise;

    (C) requires you, as a non-resident of Utah, to appear at a deposition or to produce documents, electronic records or tangible things or to permit inspection of premises in a county other than the county in which you were served, unless the judge orders otherwise;

    (D) requires you to disclose privileged or other protected matter and no exception or waiver applies;

    (E) requires you to disclose a trade secret or other confidential research, development, or commercial information;

    (F) subjects you to an undue burden; or

    (G) requires you to disclose an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study that was not made at the request of a party.

**(7) How to object.** To object to the subpoena, serve the Objection to Subpoena on the party or attorney issuing the subpoena. The name and address of that person should appear in the upper left corner of the subpoena. You must do this before the date for compliance. An Objection to Subpoena form is part of this Notice; you may need to modify it to fit your circumstances. Once you have filed the objection, do not comply with the subpoena unless ordered to do so by the court.

**(8) Motion to compel.** After you make a timely written objection, the party or attorney issuing the subpoena might serve you with a motion for an order to compel you to comply and notice of a court hearing. That motion will be reviewed by a judge. You have the right to file a response to the motion, to attend the hearing, and to be heard. You have the right to be represented by a lawyer. If the judge grants the motion, you may ask the judge to impose conditions to protect you.

**(9) Organizations.** An organization that is not a party to the suit and is subpoenaed to appear at a deposition must designate one or more persons to testify on its behalf. The organization may set forth the matters on which each person will testify. URCP 30(b)(6).

5

My Name    _____

Address     _____

Phone      _____

Email       _____

In the ☐ District ☐ Justice ☐ Juvenile Court of Utah

_____ Judicial District _____ County

Court Address _____

| _____ | **Declaration of Compliance with Subpoena** |
|---|---|
| Plaintiff/Petitioner | |
| | Case Number _____ |
| v. | |
| | Judge _____ |
| _____ | |
| Defendant/Respondent | Commissioner _____ |

(1)    I have knowledge of the facts contained in this declaration.

(2)    The documents or tangible things copied or produced are a full and complete response to the subpoena.

(3)    The documents or tangible things are

      ☐   the originals.
      ☐   copies that are true copies of the originals.

(4)    The reasonable cost of copying or producing the documents or tangible things is $_____.

I declare under criminal penalty of Utah Code Section 78B-5-705 that this Declaration of Compliance with Subpoena is true and correct.

Date _____    Sign here ▶ _____

                           Typed or printed name

                     Custodian of the records ☐

Attorney for the custodian of the records ☐ _____

6

## Certificate of Service

I certify that I served a copy of this Declaration of Compliance with Subpoena on the following people.

| Person's Name | Method of Service | Served at this Address | Served on this Date |
|---|---|---|---|
| (Other Party or Attorney) | ☐ Mail<br>☐ Hand Delivery<br>☐ Fax (Person agreed to service by fax.)<br>☐ Email (Person agreed to service by email.)<br>☐ Left at business (With person in charge or in receptacle for deliveries.)<br>☐ Left at home (With person of suitable age and discretion residing there.) | | |
| (Clerk of Court) | ☐ Mail<br>☐ Hand Delivery<br>☐ Electronic File | | |
| | ☐ Mail<br>☐ Hand Delivery<br>☐ Fax (Person agreed to service by fax.)<br>☐ Email (Person agreed to service by email.)<br>☐ Left at business (With person in charge or in receptacle for deliveries.)<br>☐ Left at home (With person of suitable age and discretion residing there.) | | |
| | ☐ Mail<br>☐ Hand Delivery<br>☐ Fax (Person agreed to service by fax.)<br>☐ Email (Person agreed to service by email.)<br>☐ Left at business (With person in charge or in receptacle for deliveries.)<br>☐ Left at home (With person of suitable age and discretion residing there.) | | |

Date _____    Sign here ▶ _____

Typed or printed name _____

7

My Name    _____

Address     _____

Phone      _____

Email       _____

In the ☐ District ☐ Justice ☐ Juvenile Court of Utah

_____ Judicial District _____ County

Court Address _____

| | |
|---|---|
| _____<br>Plaintiff/Petitioner<br><br>v.<br><br>_____<br>Defendant/Respondent | **Objection to Subpoena**<br><br>Case Number _____<br><br>Judge _____<br><br>Commissioner _____ |

**Instructions:** URCP 45 limits the grounds for an objection. For each of the grounds other than (2) or (3) please provide a full explanation. Attach additional sheets as necessary.

I have been served with a subpoena in this case, and I object because the subpoena:

(1)      ☐      Fails to allow me a reasonable time in which to comply.

(2)      ☐      Requires me, a resident of Utah, to:

                 ☐    appear at a deposition;
                 ☐    produce documents, electronic records or tangible things; or
                 ☐    permit inspection of premises

in a county in which I do not reside, am not employed, and do not transact business in person.

(3) ☐     Requires me, a non-resident of Utah, to:

         ☐    appear at a deposition;
         ☐    produce documents, electronic records or tangible things; or
         ☐    permit inspection of premises

in a county other than the county in which I was served.

(4) ☐     Requires me to disclose privileged or other protected matter and no exception or waiver applies.

---

**Instructions for (4):** If you object to the subpoena for these grounds, you must describe the nature of the document or thing with sufficient specificity to enable the party or attorney to contest your objection.

(5) ☐     Requires me to disclose a trade secret or other confidential research, development, or commercial information.

---

**Instructions for (5):** If you object to the subpoena for these grounds, you must describe the nature of the document or thing with sufficient specificity to enable the party or attorney to contest your objection.

(6) ☐     Subjects me to an undue burden.

---

(7) ☐     Requires me to disclose an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study that was not made at the request of a party.

---

(8) ☐     Other.

---

I declare under criminal penalty of Utah Code Section 78B-5-705 that this Objection to Subpoena is true and correct.

Date _____    Sign here ▶ _____

Typed or printed name

Person subject to subpoena ☐

Attorney for person subject to subpoena ☐    _____

| **Certificate of Service** | | | |
|---|---|---|---|
| I certify that I served a copy of this Objection to Subpoena on the following people. | | | |
| Person's Name | Method of Service | Served at this Address | Served on this Date |
| (Other Party or Attorney) | ☐ Mail<br>☐ Hand Delivery<br>☐ Fax (Person agreed to service by fax.)<br>☐ Email (Person agreed to service by email.)<br>☐ Left at business (With person in charge or in receptacle for deliveries.)<br>☐ Left at home (With person of suitable age and discretion residing there.) | | |
| (Clerk of Court) | ☐ Mail<br>☐ Hand Delivery<br>☐ Electronic File | | |
| | ☐ Mail<br>☐ Hand Delivery<br>☐ Fax (Person agreed to service by fax.)<br>☐ Email (Person agreed to service by email.)<br>☐ Left at business (With person in charge or in receptacle for deliveries.)<br>☐ Left at home (With person of suitable age and discretion residing there.) | | |
| | ☐ Mail<br>☐ Hand Delivery<br>☐ Fax (Person agreed to service by fax.)<br>☐ Email (Person agreed to service by email.)<br>☐ Left at business (With person in charge or in receptacle for deliveries.)<br>☐ Left at home (With person of suitable age and discretion residing there.) | | |

Date _____    Sign here ▶ _____

Typed or printed name    _____

10